IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL L. MAYES, | Case No. 1:21-cv-01198-CL |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, | |
| Defendant. | |

MCSHANE, Judge:

      Magistrate Judge Mark D. Clark filed a Findings and Recommendation (ECF No. 20), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Both Plaintiff and Defendant have filed objections to the Findings and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

      Plaintiff largely recites statutes and codes to support his argument that Defendant needed to be formally served before removing this action to federal court. The Court agrees with Judge Clark's finding that there is no legal support for Plaintiff's claim. 28 U.S.C. § 1446(b)(1) states, "The notice of removal of a civil action or proceedings shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant . . . ." The phrase "service or

1 –ORDER

otherwise" indicates that a defendant need not wait for formal service before removing an action. Additionally, 28 U.S.C. § 1448 specifically outlines how to effect service on a defendant that has not been served "prior to removal." This further confirms Judge Clark's reading of 28 U.S.C. § 1446.

Turning to Defendant's motion to dismiss, Plaintiff asserts three claims that are subject to dismissal: (1) Property Damage/Negligence; (2) Vicarious Liability; and (3) Willful negligence. Judge Clarke construed claims 2 and 3 as Intentional Infliction of Emotional Distress claims. Judge Clark's findings on the first claim are correct because "a direct action against the insurer is not allowable until after the claimant shall have secured a final judgment against the insured." *Tashire v. State Farm Fire & Cas. Co.*, 363 F.2d 7, 10 (9th Cir. 1966) *rev'd on other grounds*, 386 U.S. 523 (1967). Defendant fails to establish a valid claim against Hallmark because he did not first secure a valid judgment against JM Construction.

Plaintiff's second and third claims also fail, as Plaintiff does not meet the required elements for a valid IIED claim. Plaintiff must prove Defendant "intentionally or recklessly" caused "severe emotional distress." Restatement (Second) of Torts, § 46 (1). Plaintiff must also demonstrate that Defendants' conduct was "so extreme in degree, as to go beyond all possible bounds of decency[.]" *Christoferson v. Church of Scientology of Portland*, 57 Or App 203, 211 n.7 (1982) (quoting Restatement (Second) of Torts § 46 comment d). Plaintiff alleges that the treatment he received during his two phone calls with Hallmark employees was "extremely frustrating." The Oregon Court of Appeals has explained that, "Conduct that is merely rude, boorish, tyrannical, churlish and mean does not satisfy that standard, nor do insults, harsh or intimidating words, or rude behavior ordinarily result in liability even when intended to cause distress." *Watte v. Edgar Maeyens, Jr., MD., PC*, 112 Or. App. 234, 239 (1992) (internal

quotations, citations, and alteration omitted). There have been cases in the 9th Circuit where plaintiffs have provided evidence demonstrating the level of outrageous conduct by an insurance company necessary for a successful IIED claim; however, Plaintiff's allegations do not resemble the facts there. *See Green v. State Farm Fire and Cas. Co.*, 667 F.2d 22 (9th Cir. 1982) (Insurance company lied to plaintiff about confidentiality and threatened to have him falsely charged if he did not drop his insurance claim). The Court agrees with Judge Clark that while the conversations Plaintiff had with the two Hallmark employees may have been frustrating, they do not approach the level of intolerable conduct necessary to establish an IIED claim.

Plaintiff in this case is a pro se litigant. Defendant argues that it attempted to alert Plaintiff that his claims lacked legal merit. Even though Plaintiffs claims lacked legal merit, Plaintiff did not lack any objectively reasonable basis for bringing the claims. After all, Defendant's insured damaged Plaintiff's property and Plaintiff attempted to be reimbursed for that damage.[1]

Magistrate Judge Clark's Findings and Recommendation (ECF No. 20) is adopted in full. Plaintiff's motion to remand (ECF No. 12) is DENIED. Defendant's motion to dismiss (ECF No. 6) is GRANTED.

IT IS SO ORDERED.

DATED this 28th day of December, 2021.

/s/ Michael McShane
Michael J. McShane
United States District Judge

---

[1] The Court notes, however, that this is the fifth civil action Plaintiff has pursued pro se in the District of Oregon. 14-2042-CL; 15-797-AA; 17-1078-CL; 15-414-JO. 15-414-JO was a habeas proceeding that was dismissed for failure to exhaust. In the other three cases, the district judge dismissed Plaintiff's action after finding it frivolous. In each case, the Ninth Circuit dismissed the appeal as frivolous. At some point, this Court will stop giving Plaintiff the benefit of the doubt when it comes to determining whether Plaintiff had an objectively reasonable basis for bringing the action.